## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIDGET BUNNER,<br>          Appellant, | DOCKET NUMBER<br>PH-1221-20-0114-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: July 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bridget Bunner</u>, Nutter Fort, West Virginia, pro se.

<u>Matthew Kelly</u>, Esquire, Huntington, West Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction on other grounds.

## BACKGROUND

The appellant served as Nurse Manager of a Medical/Surgical unit at the Department of Veterans Affairs medical center in Clarksburg, West Virginia. In 2018, based on an anonymous complaint, the agency's Office of the Inspector General (OIG) began conducting what turned out to be a lengthy investigation into criminal activity, implicating the floor on which the appellant's unit was located. The appellant was not named in the investigation, although she and her coworkers were required to provide information to the investigators conducting the inquiry. Initial Appeal File (IAF), Tab 8 at 8, 13. On August 8, 2019, after unsuccessfully applying for three positions in the Quality Management (QM) department for which she was qualified, the appellant filed a complaint with the Office of Special Counsel (OSC). IAF, Tab 6 at 5-13. She alleged that her supervisor told her that she would not be hired in the QM department, even though the supervisor there wanted to hire her, because of "optics," that is, because of the ongoing investigation at the facility. *Id*. at 9-10.

On appeal, the appellant reiterated her claim.[2] IAF, Tab 1 at 3. She declined a hearing. *Id.* at 2. In a subsequent pleading, the appellant explained that, although she had done nothing wrong, she was denied a fair chance to compete for the positions. IAF, Tab 4 at 3-4. Construing the appellant's claim to be that the agency took retaliatory action against her because of her whistleblowing or other protected activity, the administrative judge issued an order on jurisdiction and proof requirements for an IRA appeal. IAF, Tab 5. In

---

[2] When she initially did not receive a close-out letter from OSC, the appellant filed her appeal. However, because 120 days had not passed since she filed her OSC complaint, the appeal was dismissed as premature on December 20, 2019. *Bunner v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-20-0044-W-1, Initial Decision (Dec. 20, 2019). On that same day, 120 days having now passed, the Northeastern Regional Office docketed this appeal on the appellant's behalf and adjudication proceeded.

her response, the appellant did not address any of the IRA jurisdictional or proof requirements set forth in the administrative judge's order. IAF, Tab 6. Rather, the appellant stated that the agency had willfully obstructed her right to compete for the positions and, as a remedy, she asked to be allowed to "competitively compete." *Id.* at 10. The agency moved that the appeal be dismissed for lack of jurisdiction, explaining that, due to the investigative process, the facility determined that it was not in the best interest of patients and staff to allow the appellant to become part of an organization with oversight responsibilities. IAF, Tab 8 at 13.

The administrative judge issued an initial decision based on the written record. IAF, Tab 14, Initial Decision (ID). She found that, under 5 U.S.C. § 2302(b)(9)(C), it is a prohibited personnel practice for an agency to take a personnel action against an employee for making a disclosure to the agency's OIG, but that the matter disclosed must rise to the level of whistleblowing. ID at 5. The administrative judge then found that the appellant failed to articulate what she disclosed to the OIG or why she reasonably believed that it constituted protected whistleblowing activity. ID at 6. The administrative judge found, therefore, that the appellant failed to establish the Board's jurisdiction over her IRA appeal which she dismissed for lack of jurisdiction. ID at 2, 6.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 5.

## ANALYSIS

On review, the appellant states that she believes there is "some confusion on the facts of the case." PFR File, Tab 1 at 4. She explains that she is not stating that the agency would not hire her in the QM department because she was "a whistleblower to the OIG," but rather that the agency is guilty of a prohibited personnel practice, specifically 5 U.S.C. § 2302(b)(4), which precludes anyone

with authority from deceiving or willfully obstructing any person with respect to such person's right to compete for employment. *Id.*

We agree that the administrative judge misconstrued the nature of the appellant's appeal. The basis of her OSC complaint was "willful obstruction" of the right to compete for employment. IAF, Tab 6 at 10, 12. She made no mention of retaliation for whistleblowing, either in the complaint or in her email communications with the OSC employee assigned to her case. *Id.* at 14-31. Further, in the additional information the appellant submitted with her appeal, she again stated that she had not been given a chance to compete for employment. IAF, Tab 4 at 3. And, as noted, in response to the administrative judge's jurisdictional order setting forth the requirements for an IRA appeal, the appellant did not address any of those requirements, IAF, Tab 6, but instead repeated her claim that the agency had willfully obstructed her right to compete, *id.* at 10. For these reasons, and given the appellant's clear statement on review, we find that she did not intend to file an IRA appeal.

However, we need not remand this case to the administrative judge because we may resolve it on the basis of the written record. The Board has no authority to review an alleged violation of 5 U.S.C. § 2302(b)(4) absent an otherwise appealable action. *Finston v. Health Care Financing Administration*, 83 M.S.P.R. 100, ¶ 10 (1999); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction). Therefore, on this basis, the appellant's appeal is dismissed for lack of jurisdiction.[3]

---

[3] We note the appellant's claim on review that the agency's detailing her to another department on October 21, 2019, "could be perceived as retaliation for filing the PPP [prohibited personnel practice] against the agency." PFR File, Tab 1 at 4. If the appellant wishes to pursue this claim as one of retaliation for protected activity, she must first exhaust her remedy before OSC. *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (holding that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be _received_ by the court within **60 calendar days** of _the date of issuance_ of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

_____

activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.